COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-05-477-CR

 

 

THE STATE OF TEXAS                                                                     APPELLANT

 

                                                             V.

 

ROBERT LEAHY POWELL                                                                   APPELLEE

 

                                                       ------------

 

          FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                                       ------------

 

                         MEMORANDUM OPINION[1]
ON REMAND


 

                                                       ------------








The
State appealed from the trial court=s
grant of Appellee Robert Leahy Powell=s
motion to suppress.  In four points, the
State argued that the trial court erred by granting the motion because (1) the
detective=s
affidavit set forth sufficient circumstances from which the magistrate could
find probable cause to issue the search warrant; (2) the trial court failed to
give great deference to the magistrate=s
determination of probable cause; (3) the police officers did not exceed the
scope of the search warrant; and (4) the police officers were not required to
obtain an additional search warrant before opening the two safes that they
seized from the premises to be searched, took with them to the police station,
and opened the following day.

On
original submission, this court held that the police officers exceeded the
scope of the search warrant authorizing the seizure of a single, undescribed
safe by instead seizing two safes, one of which was not authorized by the  warrant.[2]  This court concluded that because of the
vagueness of the description of the safes in the warrant, making it impossible
to tell which safe was not authorized by the warrant, and also because the
record was silent regarding where the police found one of the safes, the State
failed to show that the safe containing methamphetamine was properly seized on
property described by the warrant rather than on property not described by the
warrant.[3]  The trial court stated that its determination
was based on credibility as well as on the law. 
We therefore deferred to the trial court=s
determination of credibility and of the facts and held that the trial court did
not err by granting Powell=s
motion to suppress, overruling the State=s
third and fourth points.[4]

On
the State=s
petition for discretionary review, the Texas Court of Criminal Appeals stated
in Powell II,








[W]e
do not agree with the court of appeals= decision and the State=s concession that the
safe that Lowery bought at a Home Depot with a forged check was not
particularly described in the warrant as property to be seized.  . . . The safe that Lowery bought at a Home
Depot with a forged check was Aproperty described in
the affidavit.@  The police, therefore, could have seized the
two safes they found in the home because they could have reasonably believed
that one of the safes was the one that Lowery bought at a Home Depot with a
forged check and that Lowery said was in the home.  This decision on this question of law as to
what items the search warrant authorized to be seized does not have the effect
of converting the search in this case into a general search and it does not
have the effect of authorizing the seizure of one thing under a warrant
describing another.[5]

 

The
Texas Court of Criminal Appeals also held,

the
methamphetamine was not obtained because the police may have unlawfully seized
the safes but Abecause of a
subsequent search pursuant to a lawful warrant.@  We, therefore, decide that the Amassive@ remedy of exclusion
of the methamphetamine is not required in this case.  We believe that . . . any remedy that
appellee might have is . . . a civil suit for damages for his alleged
unlawfully seized safes.[6]

 








The
Texas Court of Criminal Appeals has remanded this cause to this court for
further proceedings not inconsistent with its opinion.[7]  The only remaining points are whether (1) the
detective=s
affidavit set forth sufficient circumstances from which the magistrate could
find probable cause to issue the search warrant and (2) the trial court failed
to give great deference to the magistrate=s
determination of probable cause regard the validity of the warrant.  Because the Texas Court of Criminal Appeals
has already held that Athe methamphetamine was . .
. obtained . . . pursuant to a lawful warrant,@[8] we
are bound to hold that the affidavit supporting the warrant was necessarily
sufficient and, likewise, that the trial court erred by not showing great
deference to the magistrate=s
determination that probable cause supported the warrant.  Accordingly, we must sustain the State=s
remaining points.

Because
the Texas Court of Criminal Appeals sustained the State=s
third and fourth points, expressly holding the warrant lawful, and this court,
in turn,  necessarily sustained the State=s
remaining two points, we reverse the trial court=s order
granting Powell=s motion to suppress and
remand this case to the trial court for further proceedings.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.  

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 19, 2010











[1]See Tex. R. App. P.
47.4.





[2]State v. Powell, 268 S.W.3d 626, 630B32 (Tex. App.CFort Worth 2008) (Powell
I), rev=d, 306 S.W.3d 761
(Tex. Crim. App. 2010) (Powell II).





[3]Id.





[4]Id. at 630B34.





[5]Powell II, 306 S.W.3d at 768B69 (citations
omitted).





[6]Id. at 771 (citation
omitted).





[7]Id.





[8]Id. (emphasis added;
internal quotations omitted).